IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHERYL DENISE WELCH BROWN, #R7275
also known as Cheryl Denise Welch
also known as Cheryl Denise Welch Pollnitz                                    PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 3:18-cv-886-HTW-LRA

JOHN DOES,
Justices of the Mississippi Court of Appeals                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, sua sponte, for consideration of dismissal. Plaintiff Cheryl Denise Welch Brown, an inmate of the Mississippi Department of Corrections ("MDOC") housed at the Central Mississippi Correctional Facility (CMCF), Pearl, Mississippi, brings this *pro se* Complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis*. *See* Order [7]. The named Defendants are John Does, Justices of the Mississippi Court of Appeals. *See* Compl. [1] at 2; Order [7]. As relief, Plaintiff seeks monetary, injunctive, and declaratory relief. *Id*. at 6. The Court having liberally construed Plaintiff's Complaint [1] and in consideration of the applicable law finds that this case should be dismissed.

Plaintiff brings this § 1983 civil action challenging her conviction for murder. Compl. [1] at 5. Plaintiff asserts that she was did not plan or commit any altercation resulting in the murder of Larry Brown. *Id*. Plaintiff states that she pointed the rifle at Larry Brown, but did not fire it. *Id*. at 5-6. When Larry Brown fell, Plaintiff claims that she called immediately for help. *Id*. at 6.

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C.

§ 1915 (e)(2)(B)(i)–(iii). Because Plaintiff is proceeding as a pauper, § 1915(e)(2) applies to this case.

The United States Supreme Court has held that a "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Moreover, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a claim for monetary damages as well as a claim for declaratory and injunctive relief which essentially challenges the plaintiff's conviction or imprisonment is not cognizable under 42 U.S.C. § 1983:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-87 (footnotes omitted) (emphasis added); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

In liberally construing Plaintiff's Complaint [1], the Court finds that Plaintiff is arguing that she was convicted of murder based on the insufficiency of evidence. If Plaintiff is successful in this § 1983 action, it would necessarily imply the invalidity of her conviction and sentence. Since this § 1983 action calls into question the validity of Plaintiff's conviction and

2

sentence and because Plaintiff does not establish that her conviction and sentence have been invalidated, the Court finds that Plaintiff cannot maintain these claims and thus, this Complaint [1] will be dismissed. *See Heck*, 512 U.S. at 486-87.

Even though Plaintiff's Complaint [1] is being dismissed for failing to meet the requirements set forth in *Heck*, the United States Court of Appeals for the Fifth Circuit held that "it remains appropriate for district courts to consider the possible applicability of absolute immunity . . . as a threshold matter in making a § 1915(d) determination." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). With that in mind, the Court finds that even if Plaintiff successfully met the *Heck* requirements she would not be allowed to maintain this § 1983 Complaint against the Defendants Justices of the Mississippi Court of Appeals.

The Justices of the Mississippi Court of Appeals have absolute immunity. *See Hulsey v. Owens*, 63 F.3d 654, 356 (5th Cir. 1995) (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) ("[a]bsolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" )). The case law is well established that a judge enjoys absolute immunity from damages when performing within his judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349 (1978). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Forrester v. White*, 484 U.S. 219, 220-21 (1988). In *Ballard v. Wall*, 413 F.3d 510 (5th Cir. 2005), the United States Court of Appeals for the Fifth Circuit announced a four factor test to use in determining whether a judge acted within the scope of his judicial capacity. The four factors are "(1) whether the precise act complained of is a

normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Ballard*, 413 F.3d at 515. In applying the four factors to the allegations of Plaintiff complaint, it is clear that the Defendants are absolutely immune. The decision of the Justices concerning Plaintiff's appeal is clearly within the normal judicial function which arose out of their official capacity as Justices of the Mississippi Court of Appeals. Furthermore, there is no indication that Defendants' actions occurred outside the courtroom or their chambers/office. Consequently, the Court finds that Plaintiff cannot maintain an action pursuant to 42 U.S.C. § 1983 against the Defendants Justices of the Mississippi Court of Appeals.

To the extent Plaintiff seeks declaratory or injunctive relief invalidating her conviction and sentence which could result in Plaintiff being released from incarceration, Plaintiff must pursue such relief through a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The Court finds that Plaintiff filed a petition for habeas relief in this Court. *See Brown v. Doe*, No. 3:18-cv-885-HTW-RHW (S. D. Miss. filed Dec. 26, 2018). Therefore, any habeas claims Plaintiff may be asserting in this civil action are dismissed without prejudice.

Plaintiff cannot state a 42 U.S.C. § 1983 claim which essentially challenges her conviction and sentence until the *Heck* requirements are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Plaintiff does not establish that her conviction and sentence have been invalidated as required by *Heck*. Thus, those claims will be dismissed with prejudice as frivolous. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (finding *Heck* barred claims are legally frivolous). Even if Plaintiff were to meet the *Heck* requirements, Plaintiff cannot maintain a § 1983 civil action

against the Defendants Justices of the Mississippi Court of Appeals.  Plaintiff's habeas claims are dismissed without prejudice.

Because this Complaint is dismissed as frivolous, it will be counted as a "strike."  *See* 28 U.S.C. § 1915(g).  If Plaintiff receives "three strikes," he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.  Accordingly, it is

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  This dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED** that any habeas corpus claims asserted in this civil action are **DISMISSED WITHOUT PREJUDICE** to Plaintiff's pursuit of her habeas corpus case, *Brown v. Doe*, No. 3:18-cv-885-HTW-RHW (S. D. Miss. filed Dec. 26, 2018).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 31st day of January, 2019

            /s/HENRY T. WINGATE
            UNITED STATES DISTRICT JUDGE

Civil action no. 3:18-cv-886-HTW-LRA
Memorandum Opinion and Order